INTERINSURANCE EXCHANGE OF the AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA, an Interinsurance Exchange, as Subrogee of Sergio P. Montoya, Plaintiff,

v.

UNITED STATES of America, DEPARTMENT OF the POST OFFICE, Defendant.

Civ. No. 76–0859–AAH.

United States District Court,
C. D. California.

Nov. 19, 1976.

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

HAUK, District Judge.

The above-entitled matter came on for trial before the Honorable A. Andrew Hauk, United States District Judge in and for the Central District of California, on November 8, 1976; the plaintiff Sergio P. Montoya appearing in person and through his attorney, and plaintiff Interinsurance Exchange of the Automobile Club of Southern California appearing through its attorney Joseph E. Deems; the defendant United States of America, Department of the Post Office, appearing through its counsel William D. Keller, United States Attorney, Frederick M. Brosio, Jr., Assistant United States Attorney, Chief, Civil Division, Eugene Kramer, Assistant United States Attorney, and Clifford R. Wilson, Assistant United States Attorney, by Clifford R. Wilson; the Court having heard testimony by the witnesses for both the plaintiff and the defendant, and having considered argument of counsel, does hereby make the following:

FINDINGS OF FACT

I

Subject action is brought under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and this Court has jurisdiction.

II

The action arose out of an automobile accident which occurred on June 25, 1975, at

approximately 10:20 a. m., at the intersection of 213th Street and Bolsa Avenue in the City of Carson. On the date and time of the accident the weather was clear and the streets were dry. 213th Street runs east and west. Bolsa Avenue runs north and south. The plaintiff was driving a 1974 Toyota going east on 213th Street. The government employee was driving a 1970 Plymouth pulling out from a parked position traveling west on 213th Street. The plaintiff was making a left turn onto Bolsa Avenue. The impact took place in the northeast quadrant of the intersection. The left front of the government vehicle came in contact with the right front of plaintiff's vehicle.

### III

At the time of said collision, one Andrew Goodman was an employee of the United States Post Office and was in the course and scope of his employment as a mailman at the time of said collision.

### IV

The plaintiff made an appropriate administrative claim under the Federal Tort Claims Act and said claim was duly denied. This lawsuit was instituted within the statutory period. The total amount of plaintiff's damages is $438.58.

### V

■ The postal driver was negligent in pulling away from the curb position and traveling a distance of 30 feet while looking to the rear before he again looked to the front.

### VI

■ Plaintiff was negligent in making a left turn without yielding the right of way to the postal vehicle traveling west on 213th Street.

### VII

Plaintiff was guilty of contributory negligence and the plaintiff's contribution to the accident accounted for fifty percent (50%) of the damages.

### VIII

Any conclusion of law that is also a finding of fact is hereby adopted as such.

## CONCLUSIONS OF LAW

### I

The Court has jurisdiction of the subject matter under 28 U.S.C. §§ 1346 and 2671–2680.

### II

Under the comparative negligence doctrine, the Court is permitted to reduce its amount by the comparative share of negligence attributed to the plaintiff.

### III

Plaintiff shall recover from the defendant one-half of its damages of $438.58 namely $219.29 plus Court costs of ___.

### IV

Any finding of fact that is also a conclusion of law is hereby adopted as such.